BOARD OF EDUCATION, SPRINGFIELD CITY SCHOOL DISTRICT, *v.*
MANOLOFF ET AL.

(No. 56717—Decided October 17, 1963.)

*Messrs. Cole & Cole* and *Mr. James Caplinger,* for plaintiff.
*Messrs. Bailey & Doughty,* for defendants.

GOLDMAN, J.  This matter is before the Court on a petition
for declaratory judgment filed by the plaintiff, the Board of
Education, Springfield City School District.  The defendants

are 38 teachers employed by plaintiff in the Springfield City School District. All of the named defendants have served in the armed forces of the United States, and because of that fact each would be affected by the rulings and judgments sought in this case, and in their answer to plaintiff's petition, defendants joined in the prayer for a declaratory judgment, praying for the court to set forth and declare the respective rights and liabilities of the parties in this action.

At pre-trial conference it was agreed and stipulated that the case be submitted to the court upon the pleadings, the exhibits, and the briefs that were thereafter to be filed by counsel, all of which has been done.

Examination of the record discloses that each of the defendants were members of the teaching profession at the time of filing of suit; that they were employed between the years 1951 and 1961, as more particularly indicated in an exhibit in this case; that each defendant had been in the military service, some having entered the service prior to entering the teaching profession, while others interrupted their teaching in order to serve in the armed forces and returned to their profession following such service.

Section 3317.14, Revised Code, requires that each school district participating in the school foundation program annually adopt a salary schedule with provisions for increments, based on training and experience, as provided by law. This statute further provides that failure to comply with this requirement for annual salary schedules could deprive any school district of aid as provided for by the school foundation program, set forth in Chapter 3317, Revised Code.

Salary schedules were annually adopted by the plaintiff as required by the above statute for each of the years involved in this action.

The particular statute which gives rise to the issues that have arisen in this case is Section 3317.06, Revised Code (formerly Section 4848-4a, General Code). This section deals with minimum annual salaries and service credits. This section has been amended several times during the period 1951-61, and a determination of the issues in this case rests upon an interpretation of this statute as amended during those years.

The plaintiff, pursuant to Section 3317.06, Revised Code, in arriving at a determination of the amount of service credits to be given to each of the defendants in this case, gave credit for time spent in the armed forces without regard, however, for the fraction of any year so spent. Thus, for example, one defendant in this case served in the armed forces for a period of one year, eleven months and sixteen days, was given service credit for only one year, even though he lacked but two weeks from completing a full second year in the armed forces. In no case involving any of the defendants was service credit given for the fraction of any one year spent in the armed forces. The policy and procedure on the part of plaintiff in this connection gave rise to the issues that are now before this court for decision.

At the pre-trial conferences it was agreed and stipulated that the issues to be determined in this case are as follows: (A) whether or not a fractional part of a year served in the armed forces is to be considered in computing service credit, (B) whether or not the statute of limitation applies in those instances in which claims being asserted by some of the defendants date back beyond the period of the statute of limitations; and (C) whether or not plaintiff is entitled to credit for any sums paid to defendants by way of salaries in excess of the minimum required by law.

The court shall consider these issues in the order in which they have been stated.

The issue involved in Paragraph (A) has apparently never previously been determined by any court in the State of Ohio. Several opinions by Attorneys General, and a memoranda of decision from Cuyahoga County, each touching upon some of the questions raised, were submitted to the court for its consideration, but no case directly concerned with the specific issues here raised were cited or found.

Section 3317.06, Revised Code, first appeared in the statutes of Ohio as Section 4848-4a, General Code, and the pertinent language therein contained and in effect from 1951 to 1954 was as follows:

"* * * Furthermore, any person employed in any public school system in Ohio who has served or who may serve in the armed forces of the United States shall be *given full service*

*credit for time spent in such armed forces.*\* The term 'armed forces' as used in this paragraph is the same as defined in Section 7896-1a of the General Code.''

\*(All emphasis in this opinion is by the court.)

This section, in practically identical language, again appeared in the section as amended and in effect in 1954 and again in 1956.

In 1960 the section was once more amended, and the pertinent portion thereof is as follows:

''\* \* \* That each teacher employed by the board shall be given full credit on such schedule for each year of service ouside the district as a regular public school teacher *or for service in the armed forces of the United States* or a combination thereof to a total of at least five years.''

Attention is directed to the omission of the descriptive words ''each year'' preceding that portion dealing with service in the armed forces.

It seems to be agreed that the above sections were enacted in order to place veterans, as nearly as possible, in a position they would have been in with regard to earnings and employment opportunities if time had not been spent in the armed forces of their country. The rather plain and unambiguous language of the statutes above quoted and a fair reading and interpretation of these statutes in the light of their obvious purpose, leaves no doubt in the mind of this court that the Legislature meant and intended to allow school teachers *full credit* for the *full time* spent in the military service, within whatever limits are specifically set forth in the statutes above cited, and the section does not direct or authorize a school board to ignore any fractional part of a year thus spent. Any lingering doubt or hesitation with respect to this interpretation or to the intention of the Legislature, and the import and meaning of the language used in the above cited sections, will be resolved upon examination of present Section 3317.06, Revised Code, as amended and effective January 1, 1962, which reads as follows:
''\* \* \*

''A board of education shall provide in the teachers' salary schedule, adopted pursuant to Section 3317.14 of the Revised

Code, that each teacher now, or hereafter employed by the board shall be given full credit in the form of annual money increments on such schedule for each school year of service outside the district as a regular public school teacher *or for each year of twelve months service in the armed forces* of the United States or a combination of such respective periods of service to a total of not less than five years. * * *''

Attention is directed to that portion of the section italicized which appears for the first time and requires a different rule by which to measure and compute service in the armed forces.

Plaintiff urges that the court find and declare that what the Legislature provided for in this section, as now amended as of January 1, 1962, be held to apply to the years prior to such amendment. With this contention the court cannot agree, for to do so would distort the meaning of the language in the section as it stood between 1951 and 1962, and would, therefore, make meaningless or without significance the change in language that was made in 1962. Had the Legislature intended to make effective for the years prior to January 1, 1962 what it now clearly provides it could have done so with the same clarity and unmistakable meaning prior to January 1, 1962. The unmistakable fact is that it chose not to do so until the latter date.

The court, in determining Issue (A) as set forth in the pretrial order, thus finds and declares that in arriving at the salary due to each of the defendants in this case, a fractional part of a year served in the armed forces is to be considered in computing the service credit to which each of said defendants is and may be entitled. In other words, the same formula previously used by plaintiff in arriving at service credit is again to be used and applied, except that it should be enlarged and increased by the additional fractional period of any year spent by any defendant in the armed forces, subject, however, to such limitations as may be found later in this opinion. It is the court's declaration and intention that each defendant is entitled to compensation in the amount of the difference between the amount paid to him by the plaintiff and the amount that should have been paid to him in accordance with plaintiff's salary schedule for teachers had he been given credit on said salary

schedule for full time spent in the armed forces of the United States, and according to the increments that would have been allowed him as they accrued.

In determining Issue (B), as set forth in the pre-trial order, the court finds and determines that the statute of limitations applies in this case, and that the applicable section is Section 2305.07, Revised Code. The liability sought to be enforced in this case is one specifically created by statute alone, and not by contract, and therefore, the six-year statute of limitations provided for by Section 2305.07, Revised Code, applies.

In determining Issue (C), the court finds and declares that the plaintiff is not entitled to credit for any sums paid to the defendants by way of salaries in excess of the minimum required by law. It is urged upon the court in behalf of the plaintiff that, in view of the fact that the minimum starting salaries paid to all teachers were higher than those provided by law, such excess be applied or credited to the plaintiff in the determination of its liability to these defendants.

The court finds this contention without merit. If this were done it would mean that non-veteran teachers who likewise were paid an excess over the statutory minimum would be also required to refund such excess to the plaintiff, in order to treat all teachers uniformly and alike; otherwise, defendants would actually be penalized and discriminated against because of their service in the armed forces, thereby accomplishing a result directly opposite to that which the statute intended. In any event, employment of these defendants was accomplished by negotiation and contract, which cannot be unilaterally set aside or modified by plaintiff in order to avert a threatened loss or achieve a purpose which would be of benefit to plaintiff alone.

Finally, it is suggested to the court that the only penalty that ought to attach for any failure upon the plaintiff to have given the required credit for service in the armed forces, if the court should so find, is the penalty provided by Section 3317.14, Revised Code, which in substance provides that if the board of education of the district in which a teacher is employed has failed to pay salaries in accordance with an adopted salary schedule, the State Board of Education shall make an immediate investigation, and if it finds the conditions complained

of to exist, it may not pay any money to such school district if said situation is not corrected within ten days from the date of the finding.

The court finds this contention without sufficient merit, for it has never been urged or claimed that the plaintiff, board of education, failed to pay salaries in accordance with its adopted schedule. The complaint, rather, is that the schedule adopted did not fully contemplate or embrace the proper and necessary considerations as provided by law. In any event, the court is of the further opinion that the remedy specifically provided by this section supplements, and is not a substitute for, nor does it abolish any other remedies clearly available to defendants. Furthermore, the plaintiff board of education in its petition for declaratory judgment requested this court to determine any and all other matters in controversy between the parties, and specifically included the matter of the amount of compensation paid to the defendants, thereby recognizing the right and responsibility of this court to determine the matter of compensation, which is actually the principal relief sought by all the parties.

*Judgment accordingly.*